WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret A. Gillespie, | No. CV-14-02702-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| 100%  Natural Gourmet Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Withdraw the Reference to Bankruptcy and Demand for Jury Trial of Third-Party Defendants Concast, Inc., Dominic Jones, Robert Fox, Moirbia Peoriare, LLC, Moirbia Peoria, LLC, Moirbia Scottsdale, LLC (collectively "Third-Party Defendants"). (Doc. 2.) For the following reasons, the Motion is denied without prejudice.

## BACKGROUND

On May 21, 2009, several years before Third-Party Defendants initiated the current action in this Court, Debtors Irish Pub-Arrowhead, LLC, and Irish Pub-Arrowhead Land, LLC filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court"). (Doc. 3 at 2.) The Trustee for the bankruptcy estate, Margaret A. Gillespie, filed an Adversary Complaint on April 1, 2011, and Third-Party Plaintiffs filed their Answer and Third-Party Complaint on June 29, 2011. (*Id.* at 2–3.) Through five separate amendments, Third-Party Plaintiffs alleged in their Complaint, among other things, that Third-Party Defendant Concast, Inc. caused the

bankruptcy by interfering with the contractual relationships of other parties. (Doc. 2 at 3.) Third Party Plaintiffs also raised the issue in their Complaint of who owns some of the intellectual property. (*Id.*)

On August 21, 2012, the Bankruptcy Court granted the Trustee the right to sell personal property from the estate, including "all intellectual property" of the bankruptcy estate. (Doc. 3 at 3.) On November 4, 2014, Third-Party Plaintiff Steve Goumas filed a partial motion for summary judgment to determine whether liens filed by Third-Party Defendant Concast, Inc. constituted intentional interference with the contractual relationships between Goumas and Wells Fargo. (*Id.*)

Before responding to Goumas' motion for summary judgment, Third-Party Defendants filed the current Motion, requesting withdrawal of the reference to Bankruptcy Court. (*Id.* at 3–4.) Third-Party Defendants contend that withdrawal is appropriate because the claims in the Third-Party Complaint are not core bankruptcy claims and judicial economy would best be served by immediate withdrawal because they request a jury trial. (Doc. 2.)

## DISCUSSION

### I.   Legal Standard

28 U.S.C. § 157 states, "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This District refers all bankruptcy cases to the Bankruptcy Court. *See* General Order 01–15 (June 29, 2001). However, district courts "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

When determining whether there is cause to withdraw, "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,

1  124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101

2  (2d Cir. 1993).

3  **II.    Analysis**

4          **A.    Core vs. Non-Core**

5          In determining whether there is cause to withdraw, courts "should first evaluate

6  whether the claim is core or non-core, since it is upon this issue that questions of

7  efficiency and uniformity will turn." *In re Orion*, 4 F.3d at 1101 (cited approvingly by the

8  Ninth Circuit in *Sec. Farms*, 124 F.3d at 1008). "[H]earing core matters in a district court

9  could be an inefficient allocation of judicial resources given that the bankruptcy court

10  generally will be more familiar with the facts and issues" and "may enter appropriate

11  orders and judgments." *Id.* (internal quotation and citation omitted).

12          However, a determination that a claim is non-core does not necessarily mandate

13  withdrawal because a bankruptcy court may also hear "a proceeding that is not a core

14  proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1)

15  (emphasis added). Where a bankruptcy court hears a case under its "related to"

16  jurisdiction, the bankruptcy judge cannot issue a final decision on the case:

17              A bankruptcy judge may hear a proceeding that is not a core
               proceeding but that is otherwise related to a case under title
18             11. In such proceeding, the bankruptcy judge shall submit
               proposed findings of fact and conclusions of law to the
19             district court, and any final order or judgment shall be entered
               by the district judge after considering the bankruptcy judge's
20             proposed findings and conclusions and after reviewing de
               novo those matters to which any party has timely and
21             specifically objected.

22
23  28 U.S.C. § 157(c)(1). "[A] civil proceeding is 'related to' the bankruptcy if its outcome

24  could conceivably have any effect on the bankruptcy estate." *In re ACI–HDT Supply Co.*

25  205 B.R. 231, 237 (B.A.P. 9th Cir. 1997).

26          To determine whether a proceeding is core or non-core, courts look to see if the

27  proceeding "is created by title 11 or . . . depends upon resolution of a substantial question

28  of bankruptcy law." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 219

    (D. Haw. 2006) (citations omitted); *see also In re Eastport Associates*, 935 F.2d 1071,

1076–77 (9th Cir. 1991) (citations omitted) (quoting *In re Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987)). ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an otherwise related or non-core proceeding.").

In the present case, all of the claims in the Third-Party Complaint are state or federal law claims that raise issues surrounding the cause of the Debtors' bankruptcy and the ownership of intellectual property claimed by several parties, including the bankruptcy estate. Even assuming that the determination of the assets that properly belong to the bankruptcy estate is not a core issue, these claims fall within the category of "related to" core proceedings because their "outcome could conceivably have any effect on the bankruptcy estate." *ACI–HDT Supply*, 205 B.R. at 237. The ownership of the intellectual property could have a substantial effect on the size of the bankruptcy estate because the Bankruptcy Court granted the Trustee the right to sell personal property from the estate, including "all intellectual property." The issue of who caused the bankruptcy may not have a direct effect on the bankruptcy estate, but it involves a "'common nucleus of operative facts' and would ordinarily be expected to be resolved in one judicial proceeding." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (holding that supplemental jurisdiction is proper in bankruptcy court). Further, the interference with contract claim may be more efficiently resolved by a court that already has experience with the parties and facts of this case. Thus, the Bankruptcy Court has jurisdiction to hear these claims.

**B.     Request for Jury Trial**

The request for a jury trial does not mandate immediate withdrawal of the case from bankruptcy in the interest of judicial economy. A bankruptcy judge may only conduct a jury trial if specially designated to do so by the district court and with the express consent of all the parties. See 28 U.S.C. § 157(e). Consequently, a demand for a trial by jury may have the effect of mandating withdrawal to the district court for trial.

*See Growe ex rel. Great Northern Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005). "However, it does not follow that withdrawal must be granted as a matter of course at any point during a proceeding in which a jury demand is made." *Id.* "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). "Thus, a court may deny a motion to withdraw on the basis of a jury demand while allowing the movant to renew the motion when the bankruptcy court certifies that the adversary proceeding is ready for trial." *Growe ex rel.*, 325 B.R. at 492.

In the present case, the Bankruptcy Court already has experience with the issues and parties involved in this case, and there is still a pending, unresolved motion for summary judgment. Further, it is not apparent from the record before the Court that other pre-trial issues have been resolved. *See In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir. 1986) ("In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master."); *In re Baptist Found. of Arizona*, No. CIV 00-557-PHX-ROS, 2000 WL 35575676, at *12 (D. Ariz. June 30, 2000) (quoting *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D. Nev. 1993)) ("Even though the Bankruptcy Judge may not be able to go as far as conducting a jury trial on a complaint, he can perform all other judicial acts and conduct all proceedings short of that and the entry of final judgment on a motion."). Thus, although Third-Party Defendants will be accorded the opportunity of a jury trial when the case is sufficiently ripe, they have not shown that immediate removal is necessary.

## CONCLUSION

The issues raised in the Third-Party Complaint are related to core issues. Further, Third-Party Defendants' request for a jury trial does not mandate withdrawal at this time.

/ / /

/ / /

/ / /

**IT IS ORDERED** that the Motion to Withdraw the Reference to Bankruptcy and Demand for Jury Trial of Third-Party Defendants Concast, Inc., Dominic Jones, Robert Fox, Moirbia Peoriare, LLC, Moirbia Peoria, LLC, Moirbia Scottsdale, LLC (Doc. 2) is denied without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 20th day of February, 2015.

Honorable G. Murray Snow
United States District Judge